UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0106 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| (1) DANIEL ALFRED ADAMS;<br>(2) ANDREW INDELICATO PETERSON;<br>and<br>(7) CLARENCE JAMES DICKENS, JR., | |
| Defendants. | |

      Thomas Calhoun-Lopez, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

      Shannon R. Elkins, OFFICE OF THE FEDERAL DEFENDER, for defendant Daniel Adams.

      Thomas C. Plunkett for defendant Andrew Peterson.

      George R. Dunn, TILTON & DUNN, P.L.L.P., for defendant Clarence Dickens.

      Defendants Daniel Adams, Andrew Peterson, and Clarence Dickens (along with several others) are charged with conspiracy to possess firearms in furtherance of a drug-trafficking crime and other offenses. This matter is before the Court on defendants' objections to Magistrate Judge Franklin L. Noel's January 13, 2016[1] order denying their

---

[1] Judge Noel signed the order on January 12, but it was not entered on the docket until January 13.

various pretrial motions.  Defendants object as follows:  Adams objects to the denial of his motions (1) for a *Daubert*[2] hearing on ballistics evidence; (2) for a bill of particulars; and (3) to sever.  Peterson objects to the denial of his motions (1) for disclosure of post-conspiracy statements of codefendants and unindicted coconspirators; (2) to exclude ballistics evidence or, alternatively, for a *Daubert* hearing; and (3) to sever.  Dickens objects to the denial of his motions (1) to sever; (2) to exclude ballistics evidence or, alternatively, for a *Daubert* hearing; (3) for a bill of particulars; (4) to disclose and make informants and cooperating defendants available for interview; (5) for pretrial determination of admissibility of coconspirators' statements; (6) for disclosure of government witnesses; and (7) for production of discovery in searchable/readable format.

     A magistrate judge's ruling on nondispositive pretrial matters may be reversed only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a).  With the exception of Adams (who filed a memorandum addressing his objection to the denial of a *Daubert* hearing), defendants have not identified any error in the order, but merely rest on the briefing that they presented to Judge Noel.  Having

---

[2]*See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

reviewed Judge Noel's order and defendants' earlier briefing, the Court finds nothing clearly erroneous or contrary to law in the order, and it is therefore affirmed.[3]

In particular, the Court notes that it agrees with Judge Noel's analysis of the overall reliability of the field of toolmark and firearms identification. Numerous courts have examined this issue—some in great detail and after multi-day *Daubert* hearings—and no court has ever found toolmark and firearms identification evidence to be so unreliable as to be *categorically* inadmissible. Since 2009, when the National Academy of Sciences issued a report critiquing ballistics evidence, every federal and state court to examine the issue has affirmed that the principles and methods of the field of toolmark and firearms identification is reliable enough to permit their consideration by a jury. *See, e.g., United States v. Johnson*, No. 14-412, 2015 WL 5012949, at *3 (N.D. Cal. Aug. 24, 2015) ("The AFTE methodology is generally accepted by federal courts, and has repeatedly been found admissible under *Daubert* and Rule 702."); *United States v. Ashburn*, 88 F. Supp. 3d 239, 245 (E.D.N.Y. 2015) (finding no case that has found that toolmark and firearms identification is an inappropriate topic of expert testimony). Defendants do not cite any evidence that was not before these courts. The Court agrees with the analysis of Judge Noel and these courts and will therefore not hold a *Daubert* hearing regarding the reliability of the field of toolmark and firearms identification.

---

[3] The Court notes that, even if review were de novo, it would still affirm Judge Noel's order.

Having said that, however, the Court notes that Adams now apparently seeks a *Daubert* hearing on the more narrow question of whether the government's expert has reliably *applied* the (generally reliable) principles and methods of toolmark and firearms identification to the facts of this particular case. In his objection, Adams explains that the expert intends to opine that discharged cartridges from a Ruger 9mm that Adams possessed match the discharged cartridges from another Minneapolis Police Department case, CCN MP-13-284834, to which they were compared. In addition, the expert intends to opine that the Ruger must also have been the same gun that left discharged cartridges in three other Minneapolis Police Department cases. Apparently, the cartridges in these three other cases were compared to the cartridges in CCN MP-13-284834, but, because the former were subsequently destroyed in a fire, they cannot be compared directly to the discharged cartridges from the test-firing of the Ruger. Adams contends that the lack of a direct comparison to the discharged cartridges from the Ruger renders the expert's conclusion regarding any match between the Ruger and the destroyed cartridges unreliable.

In order to permit a full consideration of Adams's challenge to this evidence, the Court is willing to hold a pre-trial *Daubert* hearing solely on the question of the reliability of the expert's conclusions regarding a match between the destroyed cartridges and the cartridges from the test-firing of the Ruger. The parties are directed

to confer with each other as soon as possible regarding the scheduling of a *Daubert* hearing and then contact the undersigned's chambers to schedule the hearing.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendants' objections [ECF No. 304, 307, 310] are OVERRULED and Judge Noel's order [ECF Nos. 292-298] is AFFIRMED.

2. In light of Adams's newly raised challenge to the reliability of the expert's application of his expertise to the facts of this case, the Court will hold a *Daubert* hearing.

3. Counsel for Adams and the government are directed to confer with each other as soon as possible regarding a *Daubert* hearing and then contact the Court's chambers to schedule the hearing.

Dated: February 3, 2016            s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge