UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0106(1) (PJS/SER) |
| | Case No. 19-CV-3055 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| DANIEL ALFRED ADAMS, | |
| Defendant. | |

Defendant Daniel Adams pleaded guilty to Count 1 of a second superseding indictment that charged him and others with conspiring to possess firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(o).[1] ECF No. 41 at 3-5; ECF No. 377; ECF No. 508. The Court sentenced Adams to 120 months in prison and three years of supervised release. ECF No. 508. Adams did not file a direct appeal.

This matter is now before the Court on Adams's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Adams argues that his conviction is invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019).[2] For the reasons that follow,

---

[1] Count 1 charged a conspiracy "to possess firearms in furtherance of, and to carry and to use firearms during an[d] in relation to, a drug trafficking crime . . . ." ECF No. 41 at 3. For ease of discussion, the Court refers to this offense as conspiring to possess firearms in furtherance of a drug-trafficking crime.

[2] Adams's conviction became final more than one year before he filed his § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). But the government does not dispute that Adams's motion is nevertheless timely under § 2255(f)(3).

Adams's motion is denied.  Because the motion presents only legal questions, no evidentiary hearing is necessary.  28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206-07 (8th Cir. 2013).

As noted, Adams pleaded guilty to violating 18 U.S.C. § 924(o).  Section 924(o) prohibits "conspir[ing] to commit an offense under subsection (c)"—that is, an offense under 18 U.S.C. § 924(c).  Section 924(c), in turn, prohibits using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, either a "crime of violence" or a "drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).

Section 924(c) defines "crime of violence" in two alternative ways: (1) as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (§ 924(c)(3)(A)) and (2) as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (§ 924(c)(3)(B)).  In *Davis*, the Supreme Court held that the second of these definitions, which is known as the "residual clause," is unconstitutionally vague.  *Davis*, 139 S. Ct. at 2336.

None of this has anything to do with Adams, however.  Adams was not charged with or convicted of conspiracy to possess firearms in furtherance of *a crime of violence*. Instead, he was charged with and convicted of conspiracy to possess firearms in furtherance of *a drug-trafficking crime*.  ECF No. 41 at 3-5; ECF No. 508.

-2-

Adams nevertheless argues that his conviction is invalid under *Davis*. Pointing to the language of § 924(o), Adams argues that, in a § 924(o) prosecution, the government need only prove beyond a reasonable doubt that the defendant conspired to commit "an offense under subsection (c)" and that the jury need not agree on which type of offense was the object of the conspiracy. In other words, Adams argues that, at least when prosecuted through the prism of § 924(o), possessing firearms in furtherance of drug-trafficking offenses and possessing firearms in furtherance of crimes of violence are simply different means of committing the single "offense" of violating § 924(c). *Cf. Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (distinguishing between the elements of a crime, which must be proved beyond a reasonable doubt, and the particular means of committing the crime, which need not be proved beyond a reasonable doubt).

As a result, Adams contends, his guilty plea constituted an admission to nothing more than conspiring to commit the single, "generic" § 924(c) offense; it did not constitute an admission that the specific object of the conspiracy was the possession of firearms in furtherance of a drug-trafficking conspiracy. That being the case, Adams argues, the Court cannot examine his actual conduct to determine whether he conspired to possess firearms in furtherance of a drug-trafficking crime or whether he instead conspired to possess firearms in furtherance of a crime of violence. And as a generic § 924(c) offense includes the now-invalid crime of possessing firearms in furtherance of

an unconstitutionally vague § 924(c)(3)(B) "crime of violence," Adams contends, his conviction is invalid.

Although this argument is complex, it largely turns on a simple matter of statutory interpretation: the meaning of § 924(o)'s reference to "an offense under subsection (c)."  According to Adams, § 924(c) defines one and only one "offense," and therefore when § 924(o) refers to "an offense under [§ 924(c)]," it must be referring to that one and only offense.

Adams is incorrect, for two reasons:

First, nothing about the reference to "an offense under subsection (c)" implies that § 924(c) defines only a single offense.  To the contrary, the indefinite article "an" in § 924(o) is perfectly consistent with construing § 924(c) to define multiple offenses.

Second, and more importantly, the Eighth Circuit has clearly held that § 924(c) does, in fact, define multiple offenses, and not just multiple means of committing a single offense:

> [T]o violate § 924(c)(1), the defendant must have committed either a "crime of violence" or a "drug trafficking crime." We have previously concluded that these terms are alternative elements of § 924(c)(1), rather than means. *United States v. Boman*, 873 F.3d 1035, 1041 (8th Cir. 2017).  In Williams's case, this means that he "necessarily admitted" that he committed a drug trafficking crime when he pleaded guilty to violating § 924(c)(1).  *Id.* (quoting *Mathis*, 136 S. Ct. at 2255).

*United States v. Williams*, 926 F.3d 966, 970 (8th Cir. 2019).

In this case, as noted, there is no doubt that Adams was charged with and convicted under § 924(o) of conspiring to commit the § 924(c) offense of possessing firearms in furtherance of a drug-trafficking crime.  *See* ECF No. 41 at 3-5.  The § 924(c) offense of possessing firearms in furtherance of a drug-trafficking crime is separate from the § 924(c) offense of possessing firearms in furtherance of a crime of violence.  *Williams*, 926 F.3d at 970.  And, as discussed above, § 924(o)'s reference to "an offense under subsection (c)" does not alter the fact that § 924(c) defines multiple offenses.  In short, by pleading guilty to Count 1 of the second superseding indictment, Adams necessarily admitted that he conspired to possess firearms in furtherance of a drug-trafficking crime.  *Davis* is therefore irrelevant to his case.

Adams also argues that the government should be judicially estopped from arguing that § 924(c) defines multiple crimes, contending that the government argued otherwise in response to his codefendant Anthony Doss's motion to dismiss Count 1 as duplicitous.  The Court disagrees.

To begin with, "it is 'well settled that the Government may not be estopped on the same terms as any other litigant' because '[w]hen the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined.'"

*United States v. Grap*, 368 F.3d 824, 830-31 (8th Cir. 2004) (quoting *Heckler v. Cmty. Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 60 (1984)).

Setting that aside, Adams misunderstands the arguments that were made by Doss and the government. Doss contended that Count 1 was duplicitous because it charged two separate crimes—specifically, a conspiracy to possess firearms in furtherance of a drug-trafficking crime and a conspiracy to carry and use firearms during and in relation to a drug-trafficking crime. ECF No. 143 at 1-2. In other words, Doss's motion focused on the possession element of the offense, not on the nature of the crime for which the firearm was possessed. For its part, the government acknowledged that § 924(c) *does* define more than one offense, and thus that it is possible for a defendant to be charged with multiple crimes under § 924(c). ECF No. 280 at 15. The government opposed Doss's motion because Count 1 did not, in fact, charge him with *two crimes* under *§ 924(c)*, but instead charged him with *one crime* (conspiracy) under *§ 924(o)*. *Id.* Clearly, then, there is no basis for estopping the government from arguing that § 924(c) defines multiple offenses.

For these reasons, Adams's § 2255 motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant Daniel Alfred Adams to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 575] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 31, 2020                                            s/Patrick J.Schiltz
                                                                 Patrick J. Schiltz
                                                                 United States District Judge